IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRANDON WAYNE BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-520-R |
| | ) | |
| DEPARTMENT OF | ) | |
| CORRECTIONS | ) | |
| OKLAHOMA STATE | ) | |
| PENITENTIARY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondent has filed a motion to dismiss and brief in support, Docs. 9, 10, and Petitioner has responded, Doc. 11. After reviewing all of the pleadings, the undersigned agrees with Respondent that Petitioner's habeas petition contains both exhausted and unexhausted claims. However, the undersigned recommends administrative closure rather than dismissal.

**I.      Background.**

Petitioner was convicted on three counts of child sex abuse and two counts of subornation of perjury in June 2011, in Cleveland County District Court. Doc.

1, at 1.[1] Petitioner filed a direct appeal, raising claims involving: (1) a lack of knowing and voluntariness of the plea; (2) prosecutorial misconduct; (3) excessive sentences; and (4) cumulative error. Petitioner also sought a nunc pro tunc order to correct the sentences. *Id.* at 2; Doc. 10, Ex. 1 at 2-3. The Oklahoma Court of Criminal Appeals (OCCA) rejected the claims and affirmed the convictions on June 4, 2012. Doc. 10, Ex. 2 at 1-4.

Petitioner then proceeded with the instant action, raising claims involving: (1) a lack of knowing and voluntariness of the plea; (2) prosecutorial misconduct; (3) excessive sentences; (4) ineffective assistance of trial counsel; (5) breach of the plea agreement; (6) double jeopardy; (7) denial of the right to confront witnesses; (8) undisclosed evidence and manipulation of evidence; (9) trial court's denial of a fair hearing; (10) abuse of discretion in sentencing; and (11) judicial bias. Doc. 1, at 7-30.

Respondent argues that Petitioner's petition contains both exhausted and unexhausted claims, Doc. 10, at 1-8, and the undersigned agrees.

## II. Analysis.

A state prisoner must exhaust all available state court remedies before seeking a federal writ of habeas corpus unless it appears that there is an absence of an available state corrective process or circumstances exist that render such

---

[1] Citation to page numbers refers to the Court's CM/ECF pagination.

process ineffective to protect the rights of the prisoner. *See* 28 U.S.C. § 2254(b)(1); *see also Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) ("A state prisoner generally may not raise a claim for federal habeas relief unles he 'has exhausted the remedies available in the courts of the State.'" (citation omitted)). "Under this requirement, 'federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims.'" *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (citation omitted)).

As illustrated above, Petitioner raises eleven claims in his habeas petition; however he challenged only three of those – (1) a lack of knowing and voluntariness of the plea, (2) prosecutorial misconduct, and (3) excessive sentences – on direct appeal. Indeed, Petitioner does not dispute that his direct appeal did not include all of the claims raised in the habeas petition. Doc. 11, at 3-4. Instead, Petitioner argues that the Court may hear all the claims because he has no available remedy in state court. *Id.* The undersigned disagrees.

When claims are unexhausted, the Court must determine whether a return to state court would be futile. *See James v. Gibson*, 211 F.3d 543, 550 (10th Cir. 2000) ("Exhaustion is not required if an attempt to exhaust would be futile." (citation omitted)). In Oklahoma, any claim not raised in a direct appeal

3

is considered waived and cannot be raised in an application for post-conviction relief. *See Davis v. Oklahoma*,123 P.3d 243, 244 (Okla. Crim. App. 2005) ("'This Court will not consider issues which . . . have been waived because they could have been, but were not, raised on direct appeal.'" (citation omitted)). However, if Petitioner can establish that appellate counsel was ineffective for failing to raise the relevant issues on direct appeal, the OCCA can still elect to hear the claims. *See Darks v. Oklahoma*, 954 P.2d 169, 172 (Okla. Crim. App. 1998).

Petitioner does not want to argue ineffective assistance of appellate counsel, claiming that a "failed attempt at relief for a client in no way constitutes ineffective counsel. To claim ineffective counsel would be a gross misrepresentation as petitioner's former attorney who worked for the client in a competent and diligent manner; albeit unsuccessful."[2] Doc. 11, at 4. Petitioner further states that any such claim would be "a complete waste of any court's time and resources" and "would be arbitrary and groundless." *Id.* Petitioner concludes that "if there is not a claim of ineffective assistance of counsel then petitioners only recourse is by writ of habeas corpus in the US District Court." *Id.*

The undersigned appreciates Petitioner's loyalty to his former appellate

---

[2] Unless otherwise indicated, quotations from Petitioner's pleadings are reproduced verbatim.

counsel. However, his logic is self-defeating. If any of the unexhausted claims actually involve a violation of Petitioner's constitutional rights, so as to entitle him to federal habeas relief, appellate counsel should have raised the issues on direct appeal. *See, e.g., Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) (holding that where an issue omitted on direct appeal is "so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance"). Thus, Petitioner cannot simultaneously urge federal habeas relief based on the meritoriousness of the unexhausted claims while also arguing that he has no basis for raising a claim of ineffective assistance of appellate counsel in state court.

In sum, the undersigned finds that the petition contains both exhausted and unexhausted claims and thus cannot be adjudicated in this Court. However, Petitioner may still have an available state court remedy and should return to that forum to attempt to complete exhaustion.

### III. Disposition of the case.

Respondent seeks dismissal of the petition, arguing that if Petitioner is diligent, he could seek relief in the state court and still return to this Court in a timely manner. Doc. 10, at 7-8. But even with diligence, Petitioner would have too small a window of opportunity.

The petition is subject to a one-year period of limitations under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). That clock begins to run in relevant part when the action becomes final. *See* 28 U.S.C. § 2244(d)(1)(A).

As noted above, the OCCA affirmed Petitioner's convictions on June 4, 2012. Because Petitioner did not seek review in the United States Supreme Court, his convictions became final ninety days later, on September 2, 2012. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Thus, without tolling, Petitioner's statute of limitations will expire on September 3, 2013.

The current habeas petition will not serve to toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, if Petitioner files an application for post-conviction relief *before* September 3, 2013, the statute of limitations will be tolled during the pendency of that action. *See* 28 U.S.C. § 2244(d)(2). If he misses that deadline, tolling will not occur. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (holding that petitioner was not entitled to tolling for an application for post-conviction relief filed after the expiration of the statute of limitations).

Considering that the parties will have twenty days to object to the report and recommendation, and allowing for adequate time for the Court to issue a ruling, it is likely that Petitioner would have little to no time to file an application for post-conviction relief before September 3, 2013. And even if

6

Petitioner can file the state action within the deadline, he is likely to have only a short time remaining to re-file his habeas petition after the state court proceedings are concluded. Under these circumstances, the undersigned recommends that instead of dismissing the petition, the Court implement the "stay and abeyance" procedure. *Rhines v. Weber*, 544 U.S. 269, 274-79 (2005) (holding that in appropriate circumstances the district court may hold the federal habeas case in abeyance to allow a petitioner to take his unexhausted claims back to the state court).

In this Court, that procedure is generally applied through administrative closure. *See, e.g., Harmon v. Jones*, No. CIV-10-16-C, 2010 WL 3516866, at * 1 (W.D. Okla. Sept. 1, 2010) (unpublished order) (adopting magistrate judge's recommendation that habeas case be administratively closed to allow petitioner to return to state court to complete exhaustion of state court remedies). "The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; i.e., administratively closed cases are not counted as active." *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) (citation omitted). With administrative closure, Petitioner can move to reopen the present action when state court exhaustion is complete, preventing the potential expiration of Petitioner's one-year statute of limitations.

7

To avoid unnecessary delay, however, the undersigned recommends ordering Petitioner to file a notice with the Court Clerk within thirty days showing that he has initiated post-conviction proceedings on his unexhausted claims. Petitioner should then have fourteen days to move to reopen the present action once the OCCA enters a final disposition, if he is unable to obtain relief in the state district court. If Petitioner fails to timely comply with these requirements, the undersigned would recommend that the Court dismiss the action without prejudice.

## IV. Recommendation and notice of right to object.

For the reasons discussed above, the undersigned Magistrate Judge finds that while the petition contains both exhausted and unexhausted claims, a possibility remains that Petitioner's unexhausted claims could still be heard in state court. Accordingly, the undersigned recommends administratively closing the present action to allow Petitioner to return to that forum.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by July 31, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 11th day of July, 2013.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE