IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRANDON WAYNE BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-520-R |
| | ) | |
| DEPARTMENT OF CORRECTIONS OKLAHOMA STATE PENITENTIARY, Warden, | ) ) ) ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondent has responded, Doc. 18, and Petitioner has replied, Doc. 21. The undersigned agrees with Respondent that Petitioner's habeas petition includes both exhausted and unexhausted claims. However, the undersigned finds that returning Petitioner to state court would be futile and recommends dismissal rather than denial of the mixed petition.

I.  Background.

In June 2011, Petitioner was convicted on three counts of child sex abuse and two counts of subornation of perjury, in Cleveland County District

Court. Doc. 1, at 1.[1] Petitioner filed a direct appeal, raising claims involving: (1) a lack of knowing and voluntariness of the plea; (2) prosecutorial misconduct; (3) excessive sentences; and (4) cumulative error. Doc. 18, Ex. 5, at 14-42. The Oklahoma Court of Criminal Appeals (OCCA) rejected the claims and affirmed the convictions on June 4, 2012. *Id.*, Ex. 6, at 1-4.

On May 21, 2013, Petitioner filed the instant action, raising claims involving: (1) a lack of knowing and voluntariness of the plea; (2) prosecutorial misconduct; (3) excessive sentences; (4) ineffective assistance of trial counsel; (5) breach of the plea agreement; (6) double jeopardy; (7) denial of the right to confront witnesses; (8) undisclosed evidence and manipulation of evidence; (9) trial court's denial of a fair hearing; (10) abuse of discretion in sentencing; and (11) judicial bias. Doc. 1, at 7-30. The undersigned ordered a response, Doc. 7, and Respondent filed a motion to dismiss arguing that the petition contained both exhausted and unexhausted claims. Docs. 9, 10, at 1-8. The Court agreed with Respondent, Docs. 12, 13, and administratively closed Petitioner's case to allow him to return to state court and exhaust the relevant claims. Doc. 13.

Petitioner then returned to the state appellate court and filed a "notice of intent to appeal." Doc. 18, Ex. 7. The OCCA held that Petitioner had

---

[1] All page citations refer to the Court's CM/ECF pagination.

already filed a direct appeal and dismissed the action. *Id.*, Ex. 8, at 1. In turn, Petitioner re-opened the present action. Docs. 15, 16.

## II. Analysis.

A state prisoner must exhaust all available state court remedies before seeking a federal writ of habeas corpus unless it appears that there is an absence of an available state corrective process or circumstances exist that render such process ineffective to protect the rights of the prisoner. *See* 28 U.S.C. § 2254(b)(1); *see also Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) ("A state prisoner generally may not raise a claim for federal habeas relief unless he 'has exhausted the remedies available in the courts of the State.'" (citation omitted)). "Under this requirement, 'federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims.'" *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (citation omitted).

As illustrated above, Petitioner raises eleven claims in his federal habeas petition; but he challenged only three of those – (1) a lack of knowing and voluntariness of the plea, (2) prosecutorial misconduct, and (3) excessive sentences – on direct appeal. Based on this, the undersigned has found that Petitioner's remaining eight claims are unexhausted but that he has an available state court remedy through an application for post-conviction relief. Doc. 12, at 3-5. However, when the Court administratively closed Petitioner's

3

case so that he could return to state court, he did not file an application for post-conviction relief. Instead, he filed a notice of intent to appeal, which the OCCA denied. Doc. 18, Ex. 8. And, even after the OCCA informed Petitioner that post-conviction relief was his only available remedy, Doc. 18, Ex. 8, at 1-2, he chose to forgo that option and instead returned to this Court. So, Plaintiff's remaining eight claims remain unexhausted.

When claims are unexhausted, the Court must determine whether a return to state court would be futile. *See James v. Gibson*, 211 F.3d 543, 550 (10th Cir. 2000) ("Exhaustion is not required if an attempt to exhaust would be futile." (citation omitted)). Respondent argues that a return to state court would be futile because "when Petitioner attempted to seek post-conviction relief . . ., the OCCA declined jurisdiction and did not address these claims on their merits because of an independent and adequate state procedural rule . . . ." Doc. 18, at 28. But this argument misinterprets the OCCA's order. That is, the state appellate court did not construe Petitioner's notice of intent to appeal as a post-conviction application. Instead, the court found: "Petitioner's attempted *certiorari* appeal . . . is **DISMISSED**. Petitioner has already been provided a direct appeal of his conviction in this matter. . . . As such, Petitioner is not entitled to a second direct appeal of his conviction." *Id.*, Ex. 8, at 1 (emphasis in original).

4

This Court has previously held that Petitioner has a remaining available state-court remedy in post-conviction *if* he can establish that appellate counsel was ineffective for failing to raise the relevant issues on direct appeal. Doc. 12, at 4-5 (citing *Darks v. Oklahoma*, 954 P.2d 169, 172 (Okla. Crim. App. 1998)). That reasoning stands, and the undersigned finds nothing to prevent Petitioner from seeking post-conviction relief in state court.

In sum, the undersigned finds that despite Petitioner's return to state court, the petition still contains both exhausted and unexhausted claims. Because Petitioner may still have an available state court remedy, Respondent's suggestion of futility is misplaced.

### III. Disposition.

As noted above, because the petition contains unexhausted claims, this Court cannot adjudicate it. So, the question becomes whether to dismiss the petition or to stay or administratively close it while Petitioner returns to state court. *See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). Previously, the undersigned recommended administratively closing the action because Petitioner had only a narrow window before the statute of limitations

expired. Doc. 12, at 5-7. Now, however, the undersigned recommends dismissal.[2]

"Stay and abeyance, if employed too frequently, has the potential to undermine [exhaustion principles]." *Rhines*, 544 U.S. at 277. "It also undermines [the Antiterrorism and Effective Death Penalty Act of 1996's] goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* The undersigned finds no good cause in Petitioner's continued failure to file an application for post-conviction relief.

Initially, Petitioner argued that he could not file an application for post-conviction relief because he did not want to allege that his appellate counsel was ineffective. Doc. 11, at 4. The undersigned soundly rejected this

---

[2] Petitioner's statute of limitation's window is arguably even narrower now. And, this habeas petition will not statutorily toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, Petitioner may be able to argue for equitable tolling for the time this petition was pending. *See York v. Galetka*, 314 F.3d 522, 527-28 (10th Cir. 2003) (holding, based on the existence of "extraordinary circumstances," that petitioner was entitled to equitable tolling for the time his prior habeas petition was pending in federal court).

argument. Doc. 12, at 4-5. Then, this Court administratively closed Petitioner's case so that he could file an application for post-conviction, and he did not do so – even after both this Court and the OCCA suggested that forum. Petitioner has simply not shown any good cause for his failure to take such action, and the undersigned therefore declines to recommend a stay or administrative closure. *See Lopez v. Rudek*, 488 F. App'x 308, 310-11 (10th Cir. 2012) (affirming the district court's refusal to stay petitioner's mixed habeas petition and holding that: "Because Lopez has not proffered a convincing or adequate reason to justify a stay, we hold that he failed to show good cause as a matter of law."). Instead, the Court should dismiss Petitioner's petition without prejudice.

## IV. Recommendation and notice of right to object.

For the reasons discussed above, the undersigned Magistrate Judge finds that despite Petitioner's brief return to state court during the administrative closure, the petition continues to contain both exhausted and unexhausted claims. And, because Petitioner has not shown good cause for another stay, the undersigned recommends that the Court dismiss the "mixed" petition without prejudice.

The parties are advised of their right to file an objection to this report and recommendation with the Clerk of this Court by March 3, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are

further advised that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 10th day of February, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE