# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON WAYNE BROWN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DEPARTMENT OF CORRECTIONS )<br>OKLAHOMA STATE )<br>PENITENTIARY, Warden, )<br>)<br>Respondent. ) | Case No. CIV-13-520-R |

## ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On August 1, 2013, the Court stayed this action pursuant to Judge Mitchell's July 11, 2013 recommendation, to permit Petitioner to exhaust the unexhausted claims presented by his mixed petition. Thereafter Petitioner filed a notice of intent to appeal in the District Court of Cleveland County, Case No. CF-2009-1648, which was denied. Petitioner did not, however, seek post-conviction relief in state court. Upon termination of the state proceedings, this matter was reopened, and on February 10, 2014, Judge Mitchell issued a Report and Recommendation wherein she recommended that the mixed petition be dismissed, because returning Petitioner to state court would be futile. The matter is currently before the Court on the timely objection to the Report and Recommendation.

Judge Mitchell recommended that the petition be dismissed rather than stayed because Petitioner failed to show good cause as a matter of law why the case should be held in abeyance pending an additional attempt to exhaust. Petitioner now requests that the Court either permit his petition to continue unamended, including unexhausted claims, allow the petition the continue with the three exhausted grounds and bar him from seeking relief on the remaining unexhausted claims, or administratively close this action for a second time while he attempts to properly seek relief pursuant to Oklahoma's state procedure for post-conviction relief. Petitioner contends he failed to exhaust his claims because he believed he had to first appeal, and apparently he was unaware of the potential for seeking post conviction relief pursuant to Okla. Stat. tit. 22 § 1080, but that he has since been made aware of that option, and seeks an opportunity to pursue such relief.

First, the Court concludes that as recommended by Judge Mitchell, Petitioner has not established good cause for his failure to pursue post-conviction relief when given the opportunity to do so. The Court has reviewed the September 5, 2013 Order of the Oklahoma Court of Criminal Appeals dismissing Mr. Brown's attempted certiorari appeal. Therein the court noted that "Petitioner's request for collateral review of his claims must be presented to the District Court for consideration prior to seeking relief from this Court. This Court will only entertain applications for post conviction relief if Petitioner has sought and been denied relief in the District Court. Rule 5.1 and 5.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2013)." Despite having been provided with this information,

Petitioner returned to this Court rather than seeking post-conviction relief in state district court.

While in "limited circumstances," the district court may stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). However, this procedure is only available when the petitioner has demonstrated "good cause" for the failure to exhaust, the unexhausted claims are "potentially meritorious," and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278.

With regard to the first factor, Petitioner claims that he was unaware of the procedure for seeking post-conviction relief in state court, and that he has limited access to legal materials, as he is generally in his cell for twenty-three hours per day with occasional access to a mobile computer resource, upon written request. Petitioner's Objection, p. 3. The Tenth Circuit Court of Appeals has rejected claims that lack of library access, difficulties in obtaining a record, or lack of counsel constitute, good cause. *Abeyta v. Estep*, No. 06–1220, 198 Fed.Appx. 724, 727 (10th Cir. Oct. 4, 2006) ("district court was well within its discretion to decide that Mr. Abeyta's reasons given for failure to exhaust-including difficulty obtaining the record in his first state post-conviction matter, lack of library access, and lack of counsel-did not constitute a sufficient showing of justifiable excuse or excusable neglect, let alone good cause (factually or legally) for the failure to exhaust")).

The Court is unable to discern at this juncture whether any of Petitioner's unexhausted claims are meritorious, given the absence of state court records or responsive arguments by

Respondent. Thus, Petitioner has failed to meet his burden in this regard. Finally, the Court concludes that there is no evidence that Petitioner engaged in intentionally dilatory tactics, and therefore this factor does not militate against a stay.

In summary, the undersigned finds that application of the *Rhines* factors does not show that this petition should be stayed and placed in abeyance for a second time while Petitioner attempts to complete his exhaustion efforts. This presents a dilemma for the Petitioner, as he clearly faces a timeliness issue if the petition is dismissed without prejudice as unexhausted, his one year period of limitations having expired in 2013. Accordingly, Petitioner is hereby presented with the following options: (1) to dismiss the entire petition without prejudice with the understanding that a second habeas petition would likely be barred by the statute of limitations;[1] (2) dismiss the unexhausted claims and continue with the exhausted claims; or (3) continue this case with all claims, with the knowledge that the Court will dismiss the action for failure to exhaust all state court remedies.

Petitioner is granted twenty-one days to advise the Court of the direction he intends to follow by filing (1) a motion to dismiss this action in its entirety without prejudice; (2) a motion to dismiss the unexhausted claims; or (3) a notice that he intends to continue the petition with both exhausted and unexhausted claims. Failure to respond as directed will result in dismissal of the petition without prejudice.

---

[1] The Court makes no findings or predictions on any argument for equitable tolling that Petitioner might present in the event he chooses this avenue.

For the reasons set forth herein, the Report and Recommendation is adopted to the extent that it recommends denial of an additional period of abeyance.

IT IS SO ORDERED this 6th day of March 5, 2014.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE