IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BRANDON WAYNE BROWN,       )
                           )
            Petitioner,    )
                           )
vs.                        )    Case No. CIV-13-520-R
                           )
DEPARTMENT OF              )
CORRECTIONS                )
OKLAHOMA STATE             )
PENITENTIARY, Warden,      )
                           )
            Respondent.    )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondent has responded, Doc. 18, and supplied the relevant state court transcripts (TR).[1] Petitioner has replied. Doc. 21. Having reviewed the arguments and record, the undersigned recommends that the court deny habeas relief.

---

[1] The state court transcripts are generically titled and do not include volume numbers. Citation will be as follows: Proceedings dated April 1, 2011 (No-Contest Plea TR); Proceedings dated June 9, 2011 (Sentencing TR); Proceedings dated July 14, 2011 (Motion to Withdraw TR).

## I. Background.

In June 2011, Petitioner was convicted on three counts of child sexual abuse and two counts of subornation of perjury, in Cleveland County District Court. Doc. 1, at 1.[2] Petitioner filed a direct appeal, raising claims involving: (1) a lack of knowing and voluntariness of the plea; (2) prosecutorial misconduct; (3) excessive sentences; and (4) cumulative error. Doc. 18, Ex. 5, at 14-42. The Oklahoma Court of Criminal Appeals (OCCA) rejected the claims and affirmed the convictions on June 4, 2012. *Id.* Ex. 6, at 1-4.

On May 21, 2013, Petitioner filed the instant action, raising claims involving: (1) a lack of knowing and voluntariness of the plea; (2) prosecutorial misconduct; (3) excessive sentences; (4) ineffective assistance of trial counsel; (5) breach of the plea agreement; (6) double jeopardy; (7) denial of the right to confront witnesses; (8) undisclosed evidence and manipulation of evidence; (9) trial court's denial of a fair hearing; (10) abuse of discretion in sentencing; and (11) judicial bias. Doc. 1, at 7-30. The undersigned ordered a response, Doc. 7, and Respondent filed a motion to dismiss arguing that the petition contained both exhausted and unexhausted claims. Docs. 9, 10, at 1-8. The court agreed with Respondent, Docs. 12, 13, and administratively closed Petitioner's case to allow him to return to state court and exhaust the relevant claims. Doc. 13.

---

[2]  All page citations refer to the court's CM/ECF pagination.

Petitioner then returned to the state appellate court and filed a "notice of intent to appeal." Doc. 18, Ex. 7. The OCCA held that Petitioner had already filed a direct appeal and dismissed the action. *Id.*, Ex. 8, at 1. In turn, Petitioner re-opened the present case. Docs. 15, 16.

Respondent filed a response, again arguing that Petitioner had failed to exhaust all his claims. Doc. 18. The court agreed, and informed Petitioner he had three options: (1) dismiss the entire habeas petition; (2) dismiss the unexhausted claims; or (3) proceed with both the exhausted and unexhausted claims and risk dismissal. Doc. 24. Petitioner chose to dismiss the unexhausted claims. Docs. 25.

## II. Petitioner's claims.

With Petitioner's decision to dismiss his unexhausted claims, the only remaining allegations involve: (1) a lack of knowing and voluntariness of the plea; (2) prosecutorial misconduct; and (3) excessive sentences.

## III. Standard of review for habeas relief.

"When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011); *see also Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013) ("When a state court rejects a federal claim without expressly addressing that

3

claim, a federal habeas court must presume that the federal claim was adjudicated on the merits – but that presumption can in some limited circumstances be rebutted."). A petitioner is entitled to federal habeas relief only if that merits-based adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d). This standard "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice system, not a substitute for ordinary error correction through appeal." *Harrington*, 131 S. Ct. at 786.

This Court first determines "whether the principle of federal law on which the petitioner's claim is based was clearly established by the Supreme Court at the time of the state court judgment." *Bland v. Sirmons*, 459 F.3d 999, 1009 (10th Cir. 2006); *see also Hooks v. Workman*, 689 F.3d 1148, 1163 (10th Cir. 2012).

Clearly established law consists of Supreme Court holdings in cases where the facts are similar to the facts in the petitioner's case. *See House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008). If clearly established federal law exists, this Court then considers whether the state court decision was contrary to or an unreasonable application of that clearly established federal law. *See Bland*, 459 F.3d at 1009. "A decision is 'contrary to' clearly

4

established federal law . . . if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if the state court confronts a set of facts . . . materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from the result reached by the Supreme Court." *Id.* (quotations omitted) (alterations in original). "As a condition for obtaining federal habeas relief, . . . a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87.

Throughout the analysis, the court must presume the state court's factual findings are correct unless the petitioner rebuts that presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## IV. Analysis

After thorough analysis, the undersigned finds that the OCCA reasonably applied Supreme Court law in denying Petitioner relief.

5

### A. Petitioner's claim involving an alleged lack of knowing and voluntariness.

In relevant part, Petitioner entered a plea of no contest to three counts of child sexual abuse.[3] He now seeks habeas relief on grounds that his plea was not entered knowingly and voluntarily for three reasons. Doc. 1, at 7-8. First, Petitioner claims that his attorney told him to expect much lower sentences than he received from the trial court. *Id.* at 7. Second, Petitioner alleges that he did not understand that he would not receive any prison credits until he had served 85% of his sentences. *Id.* And, third, Petitioner claims that he did not know that his sentencing hearing would include allegations of other crimes and bad acts. *Id.* at 7-8.

After Petitioner moved to withdraw his no-contest plea, the trial court held a hearing on these issues and then ruled:

> It was knowingly and voluntarily acknowledged by Mr. Brown that he understood the range of punishment. . . .
>
> The Court does find the plea was knowingly and voluntarily entered into at the time of the plea, and there was nothing at sentencing that was adduced by either side, neither in mitigation, nor in exacerbation, that was -- that bore on this Court's decision more than what the defendant's own testimony was, and the record in this case.

Motion to Withdraw TR, at 57. On direct appeal, the OCCA held:

---

[3] "In Oklahoma, 'a plea of [no contest] is the functional equivalent of a plea of guilty.'" *United States v. Cartwright*, 678 F.3d 907, 916 (10th Cir. 2012) (citing *Burnham v. State*, 43 P.3d 387, 389 n.1 (Okla. Crim. App. 2002)).

6

> [W]e find that Brown has not met his "burden of showing that the guilty plea was entered through inadvertence or ignorance, influence or without deliberation, and that there is a defense that should be presented to the jury."

Doc. 18, Ex. 6, at 3 (citation omitted). As noted above, the undersigned presumes that the state court denied each of Petitioner's individual arguments on the merits.

### 1. Clearly established law.

The Supreme Court clearly established in *Boykin v. Alabama*, 395 U.S. 238, 242 (1969), that a trial court's acceptance of a guilty or no-contest plea is permissible only when it is knowing and voluntary. *See also Charm v. Mullin*, 37 F. App'x 475, 481 n.2 (10th Cir. 2002) ("Clearly established Supreme Court authority does require the trial court, when a defendant enters a guilty plea, to determine whether the defendant is doing so knowingly and voluntarily."). The defendant must have "a full understanding of what the plea connotes and of its consequence." *Boykin*, 395 U.S. at 244.

2. **Petitioner's claims that his plea was unknowing and involuntary.**

a. **Petitioner's claim that his plea was unknowing and involuntary based on trial counsel's advice regarding the sentence lengths.**

Petitioner states that his attorney advised him that, based on the attorney's experience and Petitioner's otherwise clean record, Petitioner could expect the trial court to impose sentences of seven to twelve years' imprisonment on the three child sexual abuse counts. Doc. 1, at 7. Instead, the trial court imposed concurrent, thirty-year sentences of imprisonment. Sentencing TR, at 122. The undersigned finds that the OCCA reasonably rejected Petitioner's claim that this rendered his no-contest plea unknowing or involuntary.

Initially, the undersigned notes that: (1) Petitioner signed a Plea of No Contest Summary of Facts acknowledging that he understood that the range of punishment for child sexual abuse was zero to life imprisonment, Doc. 18, Ex. 1, at 3, 6; (2) the State recommended "a thirty-year sentence," No-Contest Plea TR, at 6; (3) Petitioner testified at his no-contest hearing that he understood the possible range of sentences, *id.* at 7, 9-10; and (4) Petitioner admitted in his motion to withdraw hearing that he had understood the possible range of punishment, Motion to Withdraw TR, at 20. So, the undersigned finds no merit in Petitioner's argument that his no-contest plea

8

was unknowing or involuntary on this basis. *See Cross v. Franklin*, 520 F. App'x 671, 674-75 (10th Cir. 2013) (holding that petitioner's admission on his plea form and testimony that he understood the range of punishment "supports the state court's conclusion that Cross entered his guilty plea knowing and voluntarily").

More importantly though, "'[w]hen an involuntariness claim rests on the faulty legal decisions or predictions of defense counsel, the plea will be deemed constitutionally involuntary only when the attorney is held to have been constitutionally ineffective.'" *Bush v. Neet*, 400 F.3d 849, 853 (10th Cir. 2005) (citation omitted); *see also Parker v. Evans*, __ F. App'x __, No. 14-5005, 2014 WL 2884034, at *4 (10th Cir. June 26, 2014) ("[O]ur case law holds [that petitioner's claim that his attorney's misstatement of the range of punishment lead to an unknowing and involuntary guilty plea] can succeed . . . only when counsel is held to have been constitutionally ineffective."). Standing alone, "an attorney's erroneous sentence estimate does not render a plea involuntary." *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005).

Petitioner has dismissed his ineffective assistance of counsel claim and no court has adjudicated his attorney as constitutionally ineffective. So, the undersigned finds that the OCCA's conclusion that Petitioner's no-contest

9

plea was knowing and voluntary was reasonable, and recommends that the court deny habeas relief on this ground.

### b. Petitioner's claim that his plea was unknowing and involuntary based on a misunderstanding of the 85% rule.

Petitioner next contends that his no-contest plea was unknowing and involuntary because he did not understand the full ramifications of the 85% rule.[4] Doc. 1, at 7. Petitioner admits that that trial court told him he would not be eligible for parole until he had served 85% of his sentences, but claims that it "was not explained, that I could not receive good day credit until 85% of the sentence was served." *Id.* Petitioner does not explain the nuance between those two facts. Regardless, the undersigned finds no grounds for habeas relief.

Again, the undersigned first notes that the record belies Petitioner's claim to have misunderstood the 85% rule. That is, Petitioner signed a Plea of No Contest Summary of Facts form, in which he both check-marked and circled "Yes" to the following statements:

> Do you understand that upon a conviction of a plea of guilty to the offense(s) of child sexual abuse you will be required to serve a minimum sentence of 85%?

---

[4] Under Oklahoma law, inmates convicted of certain crimes are not eligible for parole until they have served at least 85% of their sentence. *See* Okla. Stat. tit. 21, § 12.1. This principle is commonly referred to as the 85% rule.

10

> 85% of the sentence of imprisonment imposed before being eligible for parole consideration and are not eligible for earned or other type of credits which will have the effect of reducing the length of sentence to less than 85% of the sentence imposed?

Doc. 18, Ex. 1, at 3, 6. Also, Petitioner testified under oath that he understood his crimes are "85 percent crimes" and that he would be "forced to serve a minimum of 85 percent of [his] sentence before [he is] considered for parole[.]" No-Contest Plea TR, at 9-10.

Additionally, and fatal to Petitioner's request for habeas relief, his alleged failure to understand the 85% rule's consequences does not render his plea unknowing or involuntary. *See Chrisman v. Mullins*, 213 F. App'x 683, 687 (10th Cir. 2007) (holding that "the failure to inform of consequences collateral to a plea, such as the applicability of Oklahoma's 85% requirement, does not render the plea involuntary"); *Perkis v. Sirmons*, 201 F. App'x 648, 652 (10th Cir. 2006) (holding that petitioner's lack of knowledge regarding the application of the 85% rule to his sentence did not render his plea unknowing or involuntary because a defendant "'need not understand every collateral consequence of the plea" and "parole eligibility . . . [is a] collateral consequence[] of a plea" (citation omitted)).

For these reasons, the undersigned finds that the OCCA ruled reasonably when it held that Petitioner's plea was knowing and voluntary.

> **c. Petitioner's claim that his plea was unknowing and involuntary because he did not know that the trial court would consider other crimes and bad acts during sentencing.**

In his third challenge to his plea, Petitioner claims that the State introduced evidence of other uncharged crimes and bad acts and that he "was ignorant that the judge would take these into consideration in ruling on a sentence length." Doc. 1, at 7. Again, the undersigned recommends that the court deny habeas relief.

Petitioner asked the trial court to order a pre-sentence investigation and report "which would contain the circumstances of the offense, any criminal record, social history and other background information" about him. Doc. 18, Ex. 1, at 5. Petitioner also submitted a lengthy letter to the trial court, asking the judge to consider his personal history, relationships with his family and co-workers, education, etc. when imposing sentences. Sentencing TR, Defendant's Ex. 1, at 1-11. Thus, the undersigned finds no merit in Petitioner's claim that he believed the trial court would effectively sentence him in a vacuum.

Further, in analogous circumstances, courts have held that a defendant's unawareness of sentencing enhancements does not render his guilty plea involuntary. *See Silva*, 430 F.3d at 1099 ("[N]ew information later appearing in the presentence report concerning criminal history does

not render the plea unknowing and involuntary."); *Rios-Chavez v. United States*, No. 2:07CV590 DAL, 2008 WL 631201, at *2 (D. Utah Mar. 7, 2008) (unpublished order) ("[T]he fact that Petitioner did not know that his sentence could be enhanced due to the [possession of] the firearms does not render his plea involuntary"); *Bartell v. United States*, No. 2:06CV1036 DAK, 2007 WL 2570190, at *1 (D. Utah Aug. 31, 2007) (unpublished order) ("The fact that [petitioner] did not know . . . that his sentence could be enhanced due to the fact that he was a career offender does not render his plea involuntary or unknowing.").

Finally, as discussed below, the trial court stated that:

> [T]here was nothing at sentencing that was adduced by either side, neither in mitigation, nor in exacerbation, that was -- that bore on this Court's decision more than what the defendant's own testimony was, and the record in this case.

Motion to Withdraw TR, at 57.

Considering that: (1) Petitioner *asked* the trial court to consider many outside factors during sentencing; (2) Petitioner's failure to understand that his other bad acts could affect his sentences is inconsequential; and (3) the trial court stated that it had based the sentences on Petitioner's own testimony and the record, the undersigned finds that the OCCA reasonably held that Petitioner's plea was not unknowing or involuntary on this basis.

13

## B. Petitioner's claim involving prosecutorial misconduct.

In his second proposition, Petitioner alleges that the State committed prosecutorial misconduct in introducing evidence of uncharged crimes and prior bad acts during the sentencing hearing. Doc. 1, at 9. In particular, Petitioner complains that the State used "'correspondence' like testimony by quoting unsworn, un-notarized, unsubstantiated statements." *Id.* Petitioner also complains that the State: (1) "stacked the gallery with many county employees" "to pressure [the] judge during [the] sentenc[ing] hearing"; (2) used a "large pink teddy bear" "to improperly manipulate the judge"; (3) purposefully misquoted a witness; and (4) "used fear mongering in closing statements." *Id.* at 9-10.

The OCCA rejected the prosecutorial misconduct claim on the merits, Doc. 18, Ex. 6, at 3, and the undersigned finds this a reasonable application of Supreme Court law.

### 1. Clearly established law.

The Supreme Court has clearly established that a defendant is entitled to fundamental fairness in the prosecutor's conduct at trial. *See Greer v. Miller*, 483 U.S. 756, 765 (1987) ("This Court has recognized that prosecutorial misconduct may 'so infec[t] the trial with unfairness as to make the resulting conviction a denial of due process.'" (citation omitted)). But a petitioner "must show more than that 'the prosecutor's remarks were

undesirable or even universally condemned.'" *Black v. Workman*, 682 F.3d 880, 907 (10th Cir. 2012) (citation omitted). That is, he must show that the "'prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* (citation omitted).

### 2. Analysis.

Petitioner bears the burden of establishing that the OCCA unreasonably applied Supreme Court law when it found that the State's alleged misconduct did not render his sentencing hearing fundamentally unfair. And, because Petitioner's sentencing hearing involved only the trial judge – and not a jury – his burden is twofold. That is, "when a case is tried by a court without a jury, it is presumed, absent an affirmative showing to the contrary, that only material and competent evidence is considered." *Havelock v. United States*, 427 F.2d 987 (10th Cir. 1970); *see also Harris v. Rivera*, 454 U.S. 339, 346 (1981) ("In bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions.").

In denying Petitioner's motion to withdraw his guilty plea, the trial court ruled:

> [T]here was nothing at sentencing that was adduced by either side, neither in mitigation, nor in exacerbation, that was -- that bore on this Court's decision more than what the defendant's own testimony was, and the record in this case.

15

Motion to Withdraw TR, at 57. In light of this evidence, and Petitioner's failure to provide anything more than his own speculations otherwise, the undersigned finds that Petitioner has not overcome the presumption that the trial court considered only the admissible evidence presented at the sentencing hearing. Consequently, the undersigned finds no evidence that the State's alleged misconduct rendered Petitioner's sentencing hearing fundamentally unfair. *See, e.g., United States v. Preston*, 706 F.3d 1106, 1120 (9th Cir. 2013) (rejecting defendant's argument that prosecutorial misconduct rendered the trial fundamentally unfair because defendant had a bench trial and "[t]he risk of improperly influencing . . . or swaying the judge with improper evidence is far less than in a jury trial"), *rev'd on other grounds on reh'g*, 751 F.3d 1008 (9th Cir. 2014).

### C. Petitioner's claim involving the alleged excessiveness of his sentences.

The trial judge fixed Petitioner's sentence at thirty years on each of the three counts of child sexual abuse and ordered the sentences to run concurrently. Sentencing TR, at 122. According to Petitioner, these sentences are constitutionally excessive. Doc. 1, at 11-14. The OCCA held that they are not, Doc. 18, Ex. 6, at 3, and the undersigned finds this holding reasonable.

### 1. Clearly established law.

The Supreme Court has clearly established that "the Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime." *Ewing v. California*, 538 U.S. 11, 21 (2003) (citation omitted). However, "outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Id.* (citation and internal brackets omitted). Indeed, the court "afford[s] wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). Generally then, habeas review "ends once [the court] determine[s] the sentence is within the limitation set by statute." *Id.*; *see also Britt v. Embry*, 302 F. App'x 774, 783 (10th Cir. 2008) (holding that because petitioner's sentence was within the statutory range, "habeas review of [the] sentence" was complete).

### 2. Analysis.

In relevant part, Petitioner was convicted on three counts of child sexual abuse. That crime carries a punishment of "not exceeding life

17

imprisonment." Okla. Stat. tit. 21, § 843.5(E);[5] *Jones*, 253 P.3d at 999 ("The penalty for child sexual abuse is a term of imprisonment not exceeding life imprisonment . . . ."). So, the undersigned finds that Petitioner's sentence of thirty years' imprisonment for each count is well within the statute's limitation, and the OCCA reasonably held that Petitioner's sentences are not constitutionally excessive.

V.  **Recommendation and notice of right to object.**

For the reasons discussed above, the undersigned Magistrate Judge recommends that the court deny Petitioner's petition for a writ of habeas corpus.

The undersigned advises the parties of their right to object to this report and recommendation by the 7th day of August, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[5]  At the time of his conviction, the child sexual abuse statute was found at Okla. Stat. tit. 10, § 7115(E). That statute has since been renumbered as Okla. Stat. tit. 21, § 843.5(E). *See Jones v. State*, 253 P.3d 997, 999 n.2 (Okla. Crim. App. 2011).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 18th day of July, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE