# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON WAYNE BROWN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DEPARTMENT OF CORRECTIONS )<br>OKLAHOMA STATE )<br>PENITENTIARY, Warden, )<br>)<br>Respondent. ) | Case No. CIV-13-520-R |

## ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. The case was stayed for a period of time to permit Petitioner to attempt to exhaust certain claims, and ultimately Petitioner opted to dismiss any unexhausted claim, which the Court permitted. Thereafter the petition was referred again to Judge Mitchell for consideration of the exhausted claims. On August 8, 2014, Judge Mitchell issued a Report and Recommendation, recommending that the petition be denied. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation.

As noted by Judge Mitchell, this Court's review on a § 2254 motion is limited, the Court does not conduct a *de novo* review, but rather habeas corpus relief is warranted only if the decision of the Oklahoma Court of Criminal Appeals in addressing issues raised by Petitioner was contrary to or an unreasonable application of clearly established federal law,

as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). Having reviewed the original Petition, the response, the state court record and the objection, the Court concludes that Petitioner has failed to meet his burden in this regard.

Notably, in his objection Petitioner concedes that he was fully aware that this was an 85% case and that the potential term of imprisonment included the possibility of a life sentence at the time he entered his *nolo* plea. As such, he is not entitled to relief on this basis.

Petitioner further contends that the state court judge erred in considering uncharged and unconvicted conduct in establishing his sentence. Under Oklahoma law, evidence of unadjudicated crimes may be admissible in a state sentencing hearing even when inadmissible on the issue of guilt or innocence. *See Duckett v. State*, 922 P.2d 631, 633 (Okla.Crim.App.1996) ("this Court and the United States Supreme Court have long held that it is proper to introduce evidence of unadjudicated crimes during the sentencing phase of trial" (citations omitted)); *see also Hatch v. State*, 58 F.3d 1447, 1465 (10th Cir.1995) ("holding that the admission of evidence of unadjudicated offenses at a sentencing proceeding does not violate due process" (footnote & citations omitted)), *overruled in part on other grounds*, *Daniels v. United States*, 254 F.3d 1180, 1188 n. 1 (10th Cir.2001)(*en banc*); *see also Welch v. Sirmons*, 451 F.3d 675, 687-88 (10th Cir. 2006)(stating that the court's research does not "reveal . . . any Supreme Court cases directly addressing the constitutionality of a trial court admitting evidence of a defendant's other crimes"), *abrogated in part on other grounds by Wackerly v. Workman*, 580 F.3d 1171 (10th Cir.2009).

Accordingly, the introduction of such evidence did not deprive Petitioner of due process, and therefore, he is not entitled to habeas corpus relief on this basis.[1]

Finally, with regard to the alleged excessive nature of the Petitioner's sentence, Judge Mitchell clearly and correctly determined that Petitioner's sentence, which was within the statutory range, did not entitle him to habeas corpus relief.

The Court has conducted a *de novo* review of the Report and Recommendation and for the reasons set forth herein, the Report and Recommendation is hereby ADOPTED IN ITS ENTIRETY, and the Petition is DENIED.

IT IS SO ORDERED this 14th day of August, 2014.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner objects that Judge Mitchell did not directly address each finite issue that he raised. The Report and Recommendation, however, addresses each of the exhausted constitutional claims raised by Petitioner, and neither she nor the undersigned is obligated to directly address each piece of evidence of sub-argument raised therein.